NB:SCF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

**MJ 12-134**

UNITED STATES OF AMERICA

    - against -

EDWARD GEORGE ANGUS,

        Defendant.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(21 U.S.C. §§ 846 and
841(b)(1)(B)(i)

EASTERN DISTRICT OF NEW YORK, SS:

       GERARD RICCIARDI, being duly sworn, deposes and states that he is a Special Agent with the Internal Revenue Service, assigned to the Drug Enforcement Task Force, duly appointed according to law and acting as such.

       Upon information and belief, in or about and between January 2012 and February 6, 2012, both dates being approximate and inclusive, within the Eastern District of New York, the defendant EDWARD GEORGE ANGUS, together with others, did knowingly, intentionally and unlawfully conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 100 grams or more of a substance containing heroin, a Schedule I controlled substance.

       (Title 21, United States Code, Sections 846 and 841(b)(1)(B)(i), Title 18, United States Code, Sections 3551 et seq.)

2

The source of your deponent's information and the
grounds for his belief are as follows:[1]

1. During the course of this investigation, I have
learned certain information concerning defendant EDWARD GEORGE
ANGUS's narcotics distribution activity from speaking with a
confidential source (hereinafter "CS-1"). The information
provided by CS-1 as set forth herein has been corroborated by
other evidence. Accordingly, I deem CS-1 to be reliable.

2. During the week of January 30, 2012, I received
information from CS-1, which indicated that an individual whom
CS-1 knew as "Rod" was distributing heroin from a residence on
East Hoffman Street in Lindenhurst, Long Island. Armed with
that information, I and other Task Force officers conducted
surveillance at the aforementioned address on February 2,
February 3, and February 6, 2012. During each of these
instances I observed a large amount of foot traffic – both
entering and existing the East Hoffman Street address - as well
as other activity, which, based on my training and experience
is consistent with narcotics distribution. While conducting
surveillance at the East Hoffman Street address on February 2,
2012, I observed an individual who matched the description of

---

[1]    Because the purpose of this Complaint is to state only
probable cause for the charges contained herein, I have not
described all the relevant facts and circumstances of which I
am aware.

"Rod" that CS-1 had previously provided to me. I subsequently took a photograph of this individual and provided the picture to CS-1, who confirmed that the individual depicted was the person he knew as "Rod."

3.    Thereafter, on February 6, 2012, I observed the defendant EDWARD GEORGE ANGUS walk up to the front entrance of the East Hoffman Street address and meet with "Rod." After meeting outside the residence, both individuals proceeded inside the building where they remained for approximately one minute. I then observed defendant ANGUS exit the East Hoffman Street address and proceed north on a neighboring street.

4.    I and other Task Force officers then approached the defendant. Once the defendant recognized that he was being pursued, he proceeded to flee on foot. Over the next several minutes I and other officers chased the defendant through a number of residential yards. During the pursuit, and prior to being captured, the defendant was observed throwing various objects from his pockets, including a cell phone and U.S. currency. The defendant was ultimately placed under arrest, and the items he discarded were retrieved, including approximately $500. Subsequent to his arrest, I questioned the defendant. When asked why he had run from officers, defendant ANGUS initially stated, in sum and substance, that he had just

purchased a "dime bag of weed" from an individual at the East Hoffman Street address for his personal use.

5.     Soon thereafter, I and other officers traveled to an apartment inside the East Hoffman Street address, which had been identified by CS-1 as "Rod's" residence. After we announced our presence, "Rod" came to the door and engaged in a conversation with me. During that conversation, "Rod" admitted that he had just purchased a quantity of heroin in his apartment from an individual for approximately $700. When asked to describe this person, "Rod" provided a description that matched that of defendant ANGUS. "Rod" then gave his consent for officers to search his apartment and handed me a package containing heroin, which weighed approximately 68 grams.

6.     After receiving this information from "Rod," the defendant was formally placed under arrest and transported to the Drug Enforcement Administration offices in Melville, Long Island. Upon arriving in Melville, the defendant was advised of his Miranda rights, which he waived both orally and in writing. In response to additional questioning, defendant ANGUS stated in sum and substance that he had, indeed, just sold heroin to an individual at the East Hoffman Street address. Additionally, defendant ANGUS stated that he routinely supplies "Rod" with 100-140 grams of heroin every

week.  According to ANGUS, he serves as a paid heroin courier

for an individual he knows as "Nino," who is ANGUS's source of

supply for heroin.[2]

WHEREFORE, Your deponent respectfully requests that the

defendant EDWARD GEORGE ANGUS be dealt with according to law.

GERARD RICCIARDI
Special Agent
Internal Revenue Service
Drug Enforcement Task Force

Sworn to before me this
6th day of February, 2012

HONORABLE ARLENE ROSARIO LINDSAY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

_____

[2]     Subsequent to the defendant's arrest and questioning, Task
Force officers identified and arrested "Nino," whose real name is
H.R.  In response to questioning, H.R. stated that he supplies
defendant ANGUS with approximately 100-140 grams of heroin every
week.